UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER M. SCALES,<br><br>        Plaintiff,<br><br>    v.<br><br>VINCE GOLDSMITH *et al*.,<br><br>        Defendants, | Case No. C08-5480BHS/JKA<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>**January 9, 2009** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Defendants have filed a motion to dismiss the complaint (Dkt. # 14). Plaintiff did not respond to defendants' motion. Instead of responding, plaintiff has filed a letter asking for leave to amend the complaint (Dkt. # 15). There is nothing in the file indicating Plaintiff's letter was served on opposing counsel (Dkt. # 15).

The basis for defendants motion to dismiss is failure to state a claim against the two named defendants who have been served, Mary Scott and Vince Goldsmith (Dkt. # 14). Plaintiff alleges he received inadequate medical care for a broken finger. Plaintiff names as defendants, the "Clinical Manager," Vince Goldsmith, a person named Mary Scott, and a number of nurses are identified using only their first names (Dkt. # 5).

REPORT AND RECOMMENDATION
Page - 1

Plaintiff provides no facts showing any actions taken by either defendant Goldsmith or Scott (Dkt. # 5).

## STANDARD OF REVIEW

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

The court should not consider plaintiffs' letter asking for leave to amend the complaint as a motion for two reasons. The first reason is that there is no proof the document was not served on opposing counsel. On August 27, 2008, the court entered the Order Directing Service in this action (Dkt. # 6). That order specifically informed plaintiff;

> (3) <u>Filing and Service by Parties, Generally</u>.
>
> All original documents and papers submitted for consideration by the court in this case, are to be filed with the Clerk of this court. The originals of all such papers shall indicate in the upper righthand corner the name of the Magistrate Judge to whom the copies are to be delivered. **The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se). The proof shall show the day and manner of service and may be written acknowledgment of service, by certificate of a member of the bar of this court, or by affidavit of the person who served the papers.**
>
> (4) <u>Motions</u>.
>
> **Any request for court action shall be set forth in a motion, properly filed and served.**

(Dkt. # 6, page 2, emphasis added). Plaintiff's sending a letter asking for court action, without providing proof the letter was also served on opposing counsel, is inexcusable.

The second reason for not considering the latter as a motion is that no proposed copy of an amended complaint has been lodged with the court. Thus, the court is not able to determine if amendment will cure any defect in the original complaint.

Having determined the letter should not be addressed is not the end of the enquiry. It is improper to dismiss an action unless it is completely clear the plaintiff can prove no set of facts entitling him to relief.

Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Plaintiff has not set forth facts showing how either defendant Scott or defendant Goldsmith violated his rights, but, that does not mean the facts do not exist. The current motion to dismiss should be **DENIED WITHOUT PREJUDICE** and plaintiff should be directed to file an amended complaint within thirty days.

The plaintiff should be informed that the amended complaint will act as a complete substitute for the original. The amended complaint should name no new defendants. However, plaintiff should identify all defendants by their full name. Further, plaintiff will need to provide service documents, a copy of the complaint and a filled out United States Marshals service form for each defendant.

The court should allow defendants the opportunity to either re-note this motion to dismiss or file another dispositive motion prior to an answer being due. Discovery and the remainder of the action should be STAYED until the court has a viable complaint before it.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 9, 2009,** as noted in the caption.

DATED this 3 day of December, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge