UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER SCALES,

        Plaintiff,

v.

MARY SCOTT,

        Defendant.

CASE NO. C08-5480BHS/JRC

REPORT AND RECOMMENDATION

Noted for January 29, 2010

      This 42 §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion for summary judgment (Dkt # 28). The court has considered the file and recommends that the motion be GRANTED.

      Plaintiff did not file a timely response to the motion and instead filed a motion to extend time to complete discovery (Dkt. # 39). Plaintiff's motion has been denied by separate order (Dkt. # 48). On the date the summary judgment motion was noted, December 18, 2009, the court received an untimely response in which plaintiff contests whether he informed prison officials of his finger injury when it occurred. Even if plaintiff's response is given full consideration, it

would not change this recommendation, because this information does not impact the claims against the only remaining defendant, Mary Scott. (Dkt. 53, 54, and 55).

FACTS

In his amended complaint, (Dkt. # 22), plaintiff alleges defendant Scott was deliberately indifferent to his serious medical needs regarding injury to his left little finger. While plaintiff alleges several nurses refused to treat him he did not specifically name these other nurses as defendants despite the court instructing him he needed to do so (Dkt. # 16, page 3, lines 6 to 10).

The only defendant who was named and served is nurse supervisor Mary Scott. Defendant Scott submits facts in both the motion and in attached affidavits supporting the motion (Dkt. # 28, 29, and 30), claiming that she had no involvement with plaintiff's care and that her only involvement was receiving "kites" from plaintiff expressing dissatisfaction with his care.

On September 20, 2007, plaintiff was involved in an altercation with another inmate in the Pierce County Jail. Plaintiff alleges he injured his left little finger in this altercation. The health records do not reflect any properly filed kite or request for services regarding his left hand at the time of the altercation, only a complaint regarding the right hand. His right hand was treated with ice packs. The first time plaintiff requested medical care for his left hand was on September 26, 2007 -- six days after the altercation. At that time, plaintiff indicated he hurt his little finger only three days earlier (Dkt. # 29, Exhibits chronological record of medical care entry dated 9/26/07). He was treated by an unnamed person with Tylenol Extra Strength for his pain and an x-ray was ordered the same day.

The x-ray was submitted for interpretation on October 2, 2007. Between September 26, and October 2 2007, plaintiff only submitted one kite to medical and in that kite plaintiff did not

REPORT AND
RECOMMENDATION - 2

mention his left hand, although he does state that the pain reliever was not working effectively (Dkt. # 29, Exhibit 1).

On October 5, 2007, plaintiff was seen again by medical staff. Interpretation of the x-ray revealed a partial dislocation of the finger and a possible "avulsion." He was again given extra strength Tylenol for pain and referred to an orthopedic specialist (Dkt. # 29,). Plaintiff refused to take Tylenol on October 19, 2007, while awaiting evaluation (Dkt. # 30, Exhibit 20). On October 26, 2007, plaintiff was seen by the orthopedic specialist, Dr. Hassan, who recommended surgery (Dkt # 29, Exhibit 12). Plaintiff accepted Tylenol on October 29, 2007. (Dkt. # 29, Chronological record of medical treatment entry dated 10/29/07).

Plaintiff was scheduled for surgery on October 30, 2007, but he refused medical treatment because of a conflict with a court appearance. The surgery was rescheduled for November 7, 2007. On November 7, 2007, after surgery plaintiff was given Vicodin for pain (Dkt. # 29, Chronological record of medical treatment entries dated 11/07/07). Plaintiff was later treated for pain with Vicodin and Hydrocodone (Dkt. # 29, Chronological record of medical treatment entries 11/09/07). By November 21, 2007, plaintiff stated the pain was less and the pain medication dosages were decreased.

On November 18, 2007, plaintiff sent a kite addressed to defendant Scott (Dkt # 29, Exhibit page 29). In this kite he asks why grievances have not been answered. The grievance at issue appears to concern the scheduling of his surgery for the same day as his trial, not the quality of his medical treatment (Dkt. # 29, Exhibit 29).

On December 12, 2007, plaintiff underwent a second surgery to remove pins in his finger that were put in during the first surgery. A long lasting local pain killer was used and the surgeon did not prescribe pain medication after this surgery (Dkt. # 29, Exhibit 17).

REPORT AND
RECOMMENDATION - 3

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradict facts specifically attested by the moving party. Id. Conclusory, nonspecific

statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

This action presents an alleged violation of the Eighth Amendment right to be free from cruel and unusual punishment. The government has an obligation to provide medical care for prisoners, and the Eighth Amendment proscribes deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Such conduct is actionable under 42 U.S.C. § 1983. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)(reversed on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, (9th Cir. 1997)).

To establish deliberate indifference, a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. McGuckin, 974 F.2d at 1060; Estelle, 429 U.S. at 104. A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059.

In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. McGuckin, 974 F.2d at 1060. A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a section 1983 claim. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Further, a prisoner can make no claim for deliberate medical indifference unless

the denial was harmful. McGuckin, 974 F.2d at 1060; Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Defendant Scott argues she is entitled to dismissal for failure to show she has breached any constitutional duty owed to plaintiff (Dkt. # 28, pages 5 to 10). She also argues she is entitled to qualified immunity from damages (Dkt. # 28, page 10).

1. *Personal participation.*

A plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position because the theory of respondeat superior is not sufficient to state a claim under Section 1983. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982): Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct at issue. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).

Here, plaintiff fails to show defendant Scott played any part in providing health care to the plaintiff. Defendant Scott may have answered grievances and been in a supervisory role, but, plaintiff fails to show she made any decisions regarding plaintiff's care or acquiesced to any medical decision regarding plaintiff. Further, the delays in care in this case do not rise to the

level of a constitutional violation. In fact, the delay in surgery is in part attributable to the plaintiff as he refused surgery on the first scheduled date.

2. *Qualified immunity*.

State officials are entitled to qualified immunity unless they violated clearly established law of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, (1982). When evaluating the issue of qualified immunity, the court follows a two-part test for qualified immunity: (1) whether the facts alleged "show [that] the officer[s'] conduct violated a constitutional right"; and (2) whether the constitutional right in question was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz 533 U.S. 194, 201-02 (2001); *see also* Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

As noted above, defendant Scott did not directly provide medical treatment to plaintiff. Her actions in answering grievances and kites did not violate clearly established law. This defendant enjoys qualified immunity from damages. The court recommends this action be DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons stated in this Report and Recommendation this action should be DISMISSED WITH PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 29, 2010, as noted in the caption.

Dated this 30th day of December, 2009.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 8